OPINION
This is a consolidated appeal of two separate cases involving appellant, Kinster W. Davis, Jr. On August 6, 1998, the Richland County Grand Jury indicted appellant on two counts of burglary in violation of R.C. 2911.12(A) (Case No. 98CR445H). Said charges arose from the theft of money from the residences of James Mayer, Jr. and Shelly Wilson. On February 5, 1999, the Richland County Grand Jury indicted appellant on one count of burglary in violation of R.C. 2911.12(A) (Case No. 98CR773H). Said charge arose from the theft of money from Tony's Catering. Jury trials commenced on February 22, 1999 and March 10, 1999, respectively. Both juries found appellant guilty as charged. By judgment entry filed March 19, 1999, the trial court sentenced appellant to six years on each count, to be served concurrently. Appellant filed appeals and this matter is now before this court for consideration. Assignments of error are as follows:
 I (Case No. 98CR445H) THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT A MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.
 II (CASE NO. 98CR445H) THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE TESTIMONY OF CHARLENE ARTHUR CONCERNING (A) "OTHER ACTS" ALLEGEDLY COMMITTED BY THE APPELLANT, AND (B) HEARSAY.
 III (CASE NO. 98CR445H) THE APPELLANT WAS DEPRIVED OF A FAIR TRIAL WHEN THE PROSECUTOR IMPROPERLY (A) REFERRED TO HIM AS A "CAREER CRIMINAL", AND (B) COMMENTED UPON APPELLANT'S FAILURE TO TESTIFY.
 IV (CASE NO. 98CR773H) APPELLANT WAS DEPRIVED OF A FAIR TRIAL WHEN THE PROSECUTOR IMPROPERLY REFERRED TO THE BURGLARIES IN CASE NO. 99-CA-32.
 I
Appellant claims the trial court erred in not granting a motion for acquittal. Appellant claims the evidence failed to establish a "trespass" into the residences of Mr. Mayer and Ms. Wilson. We disagree. Crim.R. 29 states as follows: (A) Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus: Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
Appellant made no motion for acquittal at the close of the state's case nor at the close of all the evidence. Defense counsel did argue there was no physical evidence placing appellant in the residences. February 24, 1999 T. at 392. We note this assignment does not raise a manifest weight of the evidence argument. In order to preserve an error for review, one must raise the issue in the trial court. State v. Maurer (1984), 15 Ohio St.3d 239; State v. Williams (1977), 51 Ohio St.2d 112. An error not raised in the trial court must be plain error for the appellate court to reverse. Crim.R. 52(B); State v. Long (1978), 53 Ohio St.2d 91. We note the plain error rule is to be taken with utmost caution, under exceptional circumstances, and only to prevent a clear miscarriage of justice. Long. Despite the deficiencies in the record, we find sufficient circumstantial evidence that appellant was in the residences. Appellant was at the residences at the time of the burglaries. February 24, 1999 T. at 177-178, 228-229, 289-290. Both residences were unlocked and the owners where in their respective yards away from the sight of their doors. Id. at 196-197, 309. The Wilson residence theft was discovered immediately after appellant's appearance while the Mayer residence theft was discovered late in the afternoon. Id. at 178, 292-293. Upon review, we fail to find any undue prejudice to appellant in letting the issue of "trespass" go to the jury. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in permitting evidence of "other acts" and hearsay evidence. We disagree. The admission or exclusion of evidence rests in the trial courts sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Appellant argues the state should not have been permitted to present the testimony of Charlene Arthur. Ms. Arthur testified she knew appellant because he had been to her residence several times seeking work. February 24, 1999 T. at 339. One time appellant asked to rake her leaves while she was outside. Id. Another time appellant walked into her residence uninvited and sat down. Id. at 340. Appellant came two more times and offered to mow her lawn and polish her vehicle for money. Id. at 342. Ms. Arthur testified after one visit appellant approached her neighbor. Id. at 343. Ms. Arthur did not testify about what happened at her neighbor's. Appellant argues Ms. Arthur's testimony violated Evid.R. 404(B) which states as follows: (B) Other crimes, wrongs or acts.
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Clearly appellant's approach of Ms. Arthur was very similar to the incidents involving Mr. Mayer and Ms. Wilson. All testified appellant asked to "detail" their respective vehicles. T. at 175, 177, 226, 345. Ms. Arthur's testimony met the exception to Evid.R. 404(B) in that it showed modus operandi and the identity of appellant. We fail to find any violation of the hearsay rule. Ms. Arthur did not testify to any conversation of appellant with her neighbor. Assignment of Error II is denied.
 III
Appellant claims he was denied a fair trial because of prosecutorial misconduct during closing argument. Specifically, appellant claims the prosecution called him a "career criminal" and commented on his failure to testify. Appellant claims these comments denied him a fair trial. We disagree. The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, certoriari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. This analysis focuses on "the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982), 455 U.S. 209, 219. The United States Supreme Court has established it is error to comment on a defendant's failure to testify because it violates the defendant's Fifth Amendment right against self-incrimination. Griffin v. California (1965), 380 U.S. 609. The state admits a statement was made but argues it must be viewed in context. The context of the argument concerned appellant's demeanor in court: Some of you folks may note he talks at me when you folks are here like we are friends. Are we friends? Of course not. Do you think he likes me? I am trying to convict him of a felony. But he is charming and polite because that is good business. He wants you folks to think that I like him, that he likes me, that this is no big deal. He does the same thing with you folks. I have never excused four jurors before. But when a man is sitting here making eye contact with people, talking to other people, I get nervous, and smiling and so forth. He knows what he is doing. He is a businessman. He is a con. And he is trying to con you by his body language here in court.
As the Judge and defense counsel said, I will stand behind forever, I can't comment on his failure to testify. But you can pay attention to the way he acts in court.
February 24, 1999 T. at 404-405.
The state also points out there was extensive discussions during voir dire on the right not to testify and the trial court instructed on such. Id. at 25-26, 67-68, 138, 425. Taken in context, we cannot say the complained of comments violated Griffin. Appellant also complains that the prosecutor labeled him a "career criminal." This comment was made contemporaneous with the "con-man" and demeanor argument discussed supra: I am a career prosecutor. And the reason I chose to be a career prosecutor instead of a regular attorney is because I want to find a specialty. I am not that smart. I went to law school and learned tax law and bankruptcy law and a little about patent law, but I don't want to be a mediocre lawyer that knows a little about something. I want to be good with something. So I chose that specialty.
This man's specialty is pickpocket. Modern day pickpocket. He doesn't forge. He doesn't fence. He doesn't rob. He doesn't write bad checks. He is a pickpocket. But he is a modern day pickpocket, because nowadays, people wear tighter pants and carry their wallets in different places and it is a lot more difficult today to be a pickpocket. So the way he does it is to get between the wallet and the victim somehow. The greater distance he can find between them, the better. And he looks for easy marks. He looks for houses near intersections where he can circle his prey, have a full panoramic view of what it is he is looking at and decide the easiest means of entry. He looks for homeowners who are physically weaker than himself, people who can't outrun him, people who can't fight him should the opportunity present itself. * * *
February 24, 1999 T. at 407-408.
Although we do not condone this analogy, we do not find it to be beyond the pale when it is taken in the entire context of the state's argument. Assignment of Error III is denied.
 IV
Appellant claims he was denied a fair trial because of prosecutorial misconduct during closing arguments. We disagree. This case involved the theft of a billfold from Tony's Catering. The complained of comments are as follows: Folks, this case comes down to one simple fact. The defendant was caught red-handed. For once, he was caught. This day he was caught red handed. He had some bad luck. And the people of Richland County had some good luck.
March 10, 1999 T. at 346.
No objection was made at the time of the statements nor at the close of the jury charge. Therefore, this assignment must be reviewed under the plain error doctrine cited supra. The statements were made during rebuttal and fit with the facts of the case. Appellant did not testify at trial, but his statement to police was in evidence. Appellant's credibility was not challenged during the trial. The evidence that appellant was the individual who stole the billfold was circumstantial. Appellant was in the immediate proximity of the theft contemporaneously with the theft wearing the same clothing as the individual who had been in Tony's Catering just prior to the discovery of the theft. Id. at 142-146. Appellant was immediately pursued and stopped. Id. at 147. A witness, Darlene Groff, observed an individual being pursued coming from Tony's Catering with a purse under his left arm. Id. at 168. We find the evidence was sufficient to sustain a conviction and the prosecutor's comments taken in context did not unduly prejudice appellant's right to a fair trial. Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Gwin, J. concur.